**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-50254
Summary Calendar
_____


OLIVER PURCELL,

Plaintiff-Appellant,

VERSUS

SHEILA E. WIDNALL,
Secretary of the Air Force,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-94-CV-741)

_____

November 21, 1996

ON PETITION FOR REHEARING


Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]


The petition for rehearing is GRANTED. In his petition, Purcell correctly points out that we erred in addressing the issue on appeal as equitable tolling, when in fact, on appeal, Purcell

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

had abandoned equitable tolling and is raising only equitable estoppel, a theory he also pursued in the district court.

In his report and recommendation adopted by the district court, the magistrate judge properly distinguished equitable tolling from equitable estoppel. In his discussion of equitable estoppel, the magistrate judge makes the following correct statement: "[I]f Defendant is equitably estopped for not expressly declaring to Plaintiff that his discharge was due to his age, such would be tantamount to asserting that an employer is equitably estopped whenever it does not disclose a violation of the statute." The magistrate judge, however, goes on to say, "Plaintiff's only allegation in this regard is that Defendant concealed the fact that Plaintiff's termination was based on age discrimination."

The magistrate judge's reasoning makes sense: Concealment does not take place merely because the defendant fails explicitly to tell the employee that he is being discriminated against. As such employer pronouncements are rare, such a rule would lead to equitable estoppel in almost every case.

The magistrate judge overlooked, however, other statements in Purcell's affidavit, tendered in opposition to the motion for summary judgment. He states that at the time he was notified of his termination,

> I was informed . . . that the [adverse action] was caused by the need to phase out certain positions and job responsibilities . . . . Scanlon informed me that this [action] was to reorganize certain jobs, and to completely eliminate the one that I was performing at the

2

time. There was no indication that the duties being performed by me at the time would be continued. In fact, the contrary was stated by Scanlon. My job was not to be filled, and many of the duties of this newly created position would be abandoned.

Several months after . . . my separation . . ., I learned that the duties previously performed by me were continued, and were in fact being performed by several younger architects . . . .

In other words, Purcell is arguing that even if he was aware that younger people were being hired, he was misled into believing that they would not be replacing him, as he was told his duties were being phased out. Under the right circumstances, such misleading statements, if true, could constitute equitable estoppel, which consists of acts by the employer that cause the employee not to pursue his rights timely in bringing a discrimination claim.

We cannot be sure that the magistrate judge addressed all of the assertions in Purcell's affidavit when making his recommendation. This is coupled with the fact that in its order accepting the magistrate judge's recommendation, the district court seems to mix the concepts of equitable tolling (regarding what the plaintiff knew) and equitable estoppel (concerning whether the employer affirmatively misled him).

The issue of equitable tolling is now out of this case. It is in the interest of justice that the district court, and possibly the magistrate judge, reexamine this matter by focusing only on equitable estoppel in light of the entirety of the evidence

3

submitted by Purcell in opposition to the summary judgment motion.

Although this is a question of law, and we could decide it ourselves, we prefer for the district court to consider it in the first instance, to review the summary judgment evidence in light of the foregoing considerations. We do not mean to suggest what result the district court should ultimately reach on this preliminary question of whether Purcell initiated his action in a timely fashion.

Accordingly, the judgment is VACATED, and this matter is REMANDED for further proceedings, as appropriate.

4